# UNITED STATES DISTRICT COURT
## District of Minnesota

Antonia De Los Angeles Cajina Robleto,

Petitioner,

v.

David Easterwood, Kristi Noem, Pamela Bondi, and Todd Lyons,

Respondents,

## JUDGMENT IN A CIVIL CASE

Case Number: 26-cv-00873-JWB-JFD

☒ **Decision by Court**. This action came to trial or hearing before the Court. The issues have been tried or heard, and a decision has been rendered.

IT IS ORDERED AND ADJUDGED THAT:

1. Petitioner Antonia D.L.A.C.R.'s Petition for Writ of Habeas Corpus (Doc. No. 1) is **GRANTED**.

2. **Release**. Respondents shall immediately release Petitioner from custody. She must be released in Minnesota, subject only to her November 15, 2024 order for release on recognizance. She must also be released simultaneously with her daughter, whose release is ordered separately.

At the time of Petitioner's release, Respondents shall return to Petitioner all personal property in Respondents' custody or control, including but not limited to, passports, identity papers or licenses, immigration records, prescribed medications, and treatment-related equipment. Release may not be delayed for any reason related to the retrieval, processing, or return of such property. Any delay or failure to effectuate release in accordance with this paragraph constitutes noncompliance with this Order.

If Petitioner is currently held outside Minnesota, Respondents shall immediately initiate Petitioner's return to Minnesota for the sole purpose of effectuating release. Respondents shall not delay initiation of return based on administrative convenience, transportation availability, or detention-capacity considerations.

Upon Petitioner's arrival in Minnesota, Respondents shall effectuate release forthwith. If, at the time release would otherwise occur, weather conditions would expose Petitioner to extreme cold or other reasonably dangerous conditions, Respondents may delay physical

release only for the brief period necessary to effectuate release in a safe manner. Respondents shall employ the earliest reasonably available safe means of release and may not delay release where a safe option is available. Any such delay must be strictly limited and must not be used to justify continued custody, supervision, or discretionary release authority.

3. **Notice.** Within 48 hours of this Order, Respondents shall file an update on the status of Petitioner's release. In the update, Respondents must confirm the time, date, and location of the release or anticipated return and release. If Petitioner has been removed from Minnesota, Respondents must file a confirmation of the time, date, and location of release promptly upon Petitioner's arrival in Minnesota.

4. Respondents may not administratively recharacterize the release granted by this Order as grounds to impose conditions or re-impose existing conditions in conjunction with release (including release on recognizance or similar instruments), without prior notice to and authorization from the Court, or absent a new and independently lawful custody decision properly executed under the law. For the avoidance of doubt, Respondents' compliance with this Order requires Petitioner's immediate release in Minnesota without any newly issued instrument that either imposes new conditions of supervision or restraint or restates previously imposed conditions.

5. Respondents may not re-detain Petitioner under a statutory theory this Court has rejected in this proceeding absent materially changed circumstances.

6. Petitioner's other claims are not reached.

Date: 2/3/2026 KATE M. FOGARTY, CLERK